**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **No. 4:24-cr-00007-MPM-JMV**

**STEVEN GOSS**

<u>**ORDER**</u>

This matter is before the Court on the Defendant Steven Goss's Motion to Dismiss Indictment [23]. Defendant Goss is charged with a single count of possessing one or more firearms after previously being convicted as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [1]. He seeks dismissal of the indictment under Federal Rule of Criminal Procedure 12 and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Mr. Goss contends that under *Bruen* and Fifth Circuit progeny *United States v. Rahimi*, 59 F.4th 443 (5th Cir. 2023) and *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), § 922(g)(1) is unconstitutional as applied to him. Defendant Goss also "contends and preserves for further review that § 922(g)(1) is unconstitutional under the Fifth Amendment to the United States Constitution because it violates the equal protection guarantee." [23]. Finally, Mr. Goss asserts that "§ 922(g)(1) constitutes an unconstitutional extension of Congress's authority under the Commerce Clause." [23]. The United States has responded in opposition to the motion [30].

For precisely the reasons the Court detailed in its recent opinion in *United States v. Brown*, No. 4:23-cr-00071, 2023 WL 8794641 (N.D. Miss. Dec. 20, 2023) [53], the Court rejects Mr. Goss's argument that under *Bruen* and Fifth Circuit progeny *United States v. Rahimi*, 59 F.4th 443 (5th Cir. 2023) and *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), § 922(g)(1) is unconstitutional as applied to him.

The Court finds Mr. Goss's argument that § 922(g)(1) is unconstitutional because it violates the equal protection guarantee equally unpersuasive. Defendant concedes that the Fifth Circuit rejected this argument in *United States v. Darrington* but argues that *Bruen* rendered the decision obsolete. As detailed in *Brown*, this Court is not persuaded that *Bruen* invalidates Fifth Circuit precedent and believes that it must continue to follow the law as it stands. *Brown*, 2023 WL 8794641, at *3 (citing *Untied States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) ("[F]or a Supreme Court decision to override a Fifth Circuit case, the decision must unequivocally overrule prior precedent; mere illumination of a case is insufficient.")). Therefore, because § 922(g)(1) "cannot be said to unevenly burden Second Amendment rights that do not exist," Defendant's Equal Protection Clause challenge fails. *United States v. Locket*, No. 4:22-cr-00072, 2023 WL 5153549, at *5 (S.D. Tex. Aug. 10, 2023).

For the same reasons stated above, Mr. Goss's contention that "§ 922(g)(1) is an unconstitutional extension of Congress's authority under the Commerce Clause" also fails. Fifth Circuit precedent forecloses this argument, which Defendant acknowledges, but he presents the argument to preserve the record for appeal purposes. Defendant's Commerce Clause Challenge, therefore, also fails. Because all of Mr. Goss's challenges to § 922(g)(1) fail, his motion to dismiss must be denied.

**ACCORDINGLY, IT IS ORDERED** that Defendant Goss's Motion to Dismiss Indictment [23] is **DENIED**.

**SO ORDERED** this the 12th day of June, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**